WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Gambert,<br><br>                Plaintiff,<br><br>v.<br><br>Gerald Rogers,<br><br>                Defendant. | No. CV-13-02087-PHX-GMS<br><br>**ORDER** |

Plaintiff has moved to proceed in forma pauperis. The court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Therefore, the court will do so in this order.

**I.      Legal Standards**

**A.      28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a

finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

### B. Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

## II. Analysis

### A. Plaintiff's Complaint

Plaintiff's complaint does not satisfy the requirements of Rule 8. Plaintiff's complaint is 42 pages long, but his only "claim" is as follows:

> FIRST CLAIM - VIOLATION OF 28 U.S.C. § 2680 ... The acts and events set forth above constitute theft, obstruction of justice, gross negligence, wrongful acts, malicious conduct, abuse of process, nonfeasance, malfeasance, malicious prosecution under the law of the state of Arizona and alleged criminal acts of American betrayal and a violation of civil rights. Because these acts and events were undertaken and caused by the named participant and co-defendant Ann Linnehan by personally acting on her own behalf as a mere woman, for clarification as an individual no longer protected from [*sic*] immunity, is therefore legally liable for all damages cause by such acts, as provided in 28 U.S.C. § 2680(a), the greater (A)(B) rubric and 28 U.S.C. § 2680(h) and from within the laws found within the State of Arizona.

Doc. 1 at 39-40.

28 U.S.C. § 2680, the section on which Plaintiff relies, is the section that lists the **exceptions** to 28 U.S.C. § 1346. Specifically, 28 U.S.C. § 1346 is commonly referred to as the Federal Tort Claims act and waives sovereign immunity in certain circumstances. 14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3658 (3d ed. 1998). 28 U.S.C. § 2680 lists the areas in which

- 2 -

sovereign immunity has **not** been waived. *Id*. at § 3658.1.

The "exceptions" found in 28 U.S.C. § 2680 cannot form a basis for Plaintiff's complaint. Further, Rule 8, as indicated above, requires more than a merely listing 10 possible causes of action. *See Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (Kozinski, J. dissenting) (majority opinion *rev'd* 501 U.S. 775 (1991)) ("To state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes allegedly implicated. Rather, as the Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

Finally, within Plaintiff's complaint he repeatedly references that he sought and was denied a trademark. Plaintiff then suggests that this was a taking of his property. To the extent Plaintiff is seeking to bring a civil rights complaint based on the denial of his requested trademark, Plaintiff also fails to state a claim because, "[t]here is no constitutionally protected right to federal registration of any mark." *See In re International Flavors & Fragrances, Inc.*, 183 F.3d 1361, 1368 (Fed. Cir. 1999). Based on all of the foregoing, Plaintiff complaint fails to state a claim.

**B.     Leave to Amend**

The Court will give Plaintiff **ONE** opportunity to amend the complaint. Plaintiff must:

> make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the

- 3 -

> other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and [(d)(1)] of the Federal Rules of Civil Procedure.

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

> Further, like the Plaintiff in *Kennedy*,
> Plaintiff is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

To this end, Plaintiff is cautioned that sentences like: "<u>The United States of America In God We Trust Justice Shall Be Fulfilled</u> From Glory to Glory in God's Great Name Seal the Dam It Is Finished" (Doc. 1 at 39) are verbose and confusing and do not explain, in a short, plain statement, Plaintiff's cause(s) of action. Additionally, any cause of action that was raised in the original complaint and dismissed herein is waived if it is not re-pleaded in a first amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

### III.    Conclusion

**IT IS ORDERED** granting Plaintiff's pro se motion to file electronically (Doc. 4) in this case only. Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal

electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Order to Beth Stephenson, Attorney Admissions/Admin Clerk.

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** (without prejudice to filing an amended complaint) with leave to file an amended complaint by **within 14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff chooses not to file an amended complaint within this deadline, the Clerk shall dismiss this action with prejudice without further order of this Court and shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint; accordingly, Plaintiff's motion for the Court to order service by the

- 5 -

1 | U.S. Marshals (Doc. 3) is **denied without prejudice**.

Dated this 29th day of October, 2013.

*A. Murray Snow*
_____
G. Murray Snow
United States District Judge